UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHELLE EVANS JONES, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Misc. Action No. 12-0492 (ABJ) |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM OPINION

Plaintiff Michelle E. Jones brings this action against defendants, United States of America and several unnamed parties, under the Federal Rules of Civil Procedure 60(b)(3) and (b)(4), challenging a judgment of conviction based on the belief that the trial court "allowed fraud to be put upon the court thereby leaving the court in want of subject matter jurisdiction." Pl.'s Mot. for Relief at 6.[1] The judgment at issue is the criminal conviction and sentence entered against "defendants in error Tony B. Pough, Joseph B. Brunson and Timothy McQueen" by

---

1   Because plaintiff is proceeding *pro se*, the Court will construe plaintiff's "Motion for Rule 60 Relief from Judgment" as a civil complaint for the purposes of Fed. R. Civ. P. 3. *See Jones v. U.S. Dep't. of Justice*, No. Civ.A. 02-M-2056, 2003 WL 24303731, at *2 (D. Colo. Sep. 22, 2003) (construing *pro se* litigant's "Petition for Writs of Injunction" as a complaint).

Chief Judge Margaret B. Seymour in the District of South Carolina. *Id*. at 1-3.[2] The Court will dismiss plaintiff's motion for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with examination of our jurisdiction."). Because "subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). A district court may dismiss a complaint *sua sponte* prior to service on the defendants, pursuant to Federal Rule of Civil Procedure 12(h)(3), when it is evident that the court lacks subject matter jurisdiction. *See Masoud v. Suliman*, 816 F. Supp. 2d 77, 79 (D.D.C. 2011); *see also Evans v. Suter*, No. 09-5242, 2010 WL 1632902 (D.C. Cir. Apr. 2, 2010), citing *Hurt v. U.S. Court of Appeals for the D.C. Cir.*, 264 Fed. App'x. 1, 1 (D.C. Cir. 2008); *Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003); *Zernial v. United States*, 714 F.2d 431, 433-34 (5th Cir. 1983).

Rule 60(b) allows a party in a civil case to file a "motion" seeking relief from a final judgment due to fraud, misrepresentation, or misconduct by an opposing party, Fed. R. Civ. P.

---

2   On November 20, 2009, a jury found that Pough, Brunson, and McQueen operated a Ponzi scheme and convicted them "on multiple counts of conspiracy to commit mail fraud, swindling, scheming to defraud, and engaging in facilitating monetary transactions by, through and to a financial institution." *Ashmore v. Carr*, No. 3:12-cv-434, 2012 WL 1032548, at *1 (D.S.C. Mar. 27, 2012). On December 14, 2010, the court imposed a prison sentence and ordered them to pay restitution. *Id*. Because the Court is dismissing this case for lack of subject matter jurisdiction, it will not reach the issue of whether plaintiff has standing seek this relief.

60(b)(3), or on the basis that the judgment is "void," Fed. R. Civ. P. 60(b)(4). However, neither Rule 60(b)(3) nor (b)(4) "permits a criminal defendant to file an 'independent' civil action in a different jurisdiction collaterally attacking a criminal judgment." *Hinojosa v. U.S. Attorney General*, 759 F. Supp. 2d 53, 54 (D.D.C. 2011). Rather, "it is well-established that judicial review of a federal conviction and sentence is available only via a motion filed in the sentencing court pursuant to 28 U.S.C. § 2255 or a petition for a writ of habeas corpus against the warden in the jurisdiction where the defendant is being held if the remedy under [section] 2255 is inadequate or ineffective to test the legality of a person's detention." *Id*. at 54-55; *see also Romero v. U.S. Attorney General*, No. 1:08-cv-00417, 2008 WL 723335, at *1 (D.D.C. Mar. 18, 2008).[3]

Even if the Court were to treat this motion as a habeas claim, plaintiff has not alleged any basis for finding a remedy under section 2255 inadequate or ineffective or that plaintiff can assert such a claim on behalf of third parties. As such, this court lacks jurisdiction to entertain the motion as an "independent action" under Rule 60(b)(3) or (b)(4). *See Romero*, 2008 WL 723335, at *1, citing *Woodford v. Garceau*, 538 U.S. 202, 208 (2003) ("The Federal Rules of Civil Procedure apply in the context of habeas suits to the extent that they are not inconsistent with the Habeas Corpus Rules."); Fed. R. Civ. P. 81(a)(4) (civil rules of procedure applicable "to

---

3    "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [section 2255] shall not be entertained if it appears that the applicant has failed to apply for [section 2255] relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing).

the extent that the practice in [habeas] proceedings is not specified in a federal statute . . . or the Rules Governing Section 2255 Cases").[4]

Accordingly, the Court will dismiss this case *sua sponte* pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.  A separate order consistent with this Memorandum Opinion will issue.

/s/ Amy B. Jackson
AMY BERMAN JACKSON
United States District Judge

DATE: October 2, 2012

---

[4]  Moreover, plaintiff's Rule 60(b)(3) motion is untimely because it was made more than one year after the entry of the final judgment on December 14, 2010.  *See* Fed. R. Civ. P. 60(c)(1).